# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORIS A. KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-123-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Doris A. Knight requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 29, 1959, and was forty-eight years old at the time of the administrative hearing (Tr. 91). It is unclear how far the claimant went in school, but she has completed training for certification as a nurse's aide and a medical assistant (Tr. 16-17). The claimant has worked as a nurse's aide, a medication aide and a hand packager (Tr. 35, 105), but she now alleges she has been unable to work since November 1, 2005 (Tr. 91) because of lupus, connective tissue disease, a slipped disc in her back, bilateral carpal tunnel syndrome, extreme weakness and fatigue, high blood pressure, heart palpitations, severe pain/pressure in her head, memory loss, poor concentration, and poor balance (Tr. 104).

## Procedural History

On April 24, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Deborah L. Rose conducted the administrative hearing and found that the claimant was not disabled in a written opinion dated June 19, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform a limited range of light work, *i. e.*, she could lift/carry 20 pounds frequently and 10 pounds occasionally, and stand/walk/sit for 6 of 8 hours in a normal workday, but that she needed to avoid cold temperatures and more than occasional contact with the public (Tr. 48). The ALJ further found that the claimant could not return to any of her past work, but she was nevertheless not disabled because there was work she could perform, *e. g.*, housekeeper/cleaner, hand bander/packager and food production worker/conveyor line bakery worker (Tr. 54).

## Review

The claimant contends that the ALJ erred by failing to properly consider opinion evidence from a non-medical source, Judy Wright, B.A., B.H.R.S., an assessor with the Mental Health and Substance Abuse Centers of Southern Oklahoma ("MHSAC"). The claimant argues that the ALJ relied on Ms. Wright for any evidence supportive of non-disability, *e. g.*, notes about improvement of the claimant's mental status, symptoms, but rejected out-of-hand evidence that was not supportive, *e. g.*, Ms. Wright's assignment to the claimant of a global assessment of functioning (GAF) score of 21, for no other reason than because Ms. Wright was "not an acceptable medical source" (Tr. 51, 53). The undersigned Magistrate Judge finds that the ALJ failed to properly consider Ms. Wright's opinion about the claimant's functional limitations, and the decision of the Commissioner should therefore be reversed and the case remanded to the ALJ for further analysis.

Although she had a history of mental health issues, the claimant did not receive targeted mental health treatment until 2007 because of she could not afford it and had no insurance (Tr. 280, 286). Her initial visit to MHSAC was on July 17, 2007, when she met with Ms. Wright for an intake interview and assessment. The claimant reported childhood physical, emotional and sexual abuse by an alcoholic father and trying to commit suicide as a child (Tr. 290, 294). She also reported watching her twenty-nine year old daughter die of a pulmonary embolism, and blaming her son-in-law for her daughter's death and entertaining "homicidal thoughts of hurting [him]" (Tr. 290). The claimant also reported "hallucinations and delusions of people talking and a baby crying and a wom[a]n humming a lullaby" and difficulties in following conversations, focusing and understanding things (Tr. 290). Based on this information, Ms. Wright opined that the claimant suffered from post-traumatic stress disorder (PTSD) and assessed her with a GAF of 21 (Tr. 297-98). On October 20, 2007, Dr. Linda Landrip, D.O. confirmed the diagnosis and noted that the claimant was depressed and "feels unworthy" (Tr. 299-300). The claimant apparently ended her mental health counseling at MHSAC on January 3, 2008, at which time it was noted she was doing much better and had "no signs of depression or stress[s]" (Tr. 326), despite presenting to another physician the day before with suicidal ideations and "a plan" (Tr. 310).

The ALJ rejected the GAF assigned by Ms. Wright primarily because she was "not an acceptable medical source" (Tr. 51, 53). The ALJ should have instead analyzed the

GAF (an "other source" opinion about the severity of the claimant's condition) in accordance with 20 C.F.R. §§ 404.1527, 416.927.  *See* 20 C.F.R. § 404.1513(d) ("In addition to evidence from the acceptable medical sources . . . we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work.").  *See also Bowman v. Astrue*, 511 F.3d 1270, 1274-75 (10th Cir. 2008) (discussing application of Soc. Sec. Rul. 06-03p and noting that "[o]pinions from [other sources] . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."), *quoting* Soc. Sec. Rul., 06-03p ("For opinions from [other] sources such as . . . non-medical professionals, it would be appropriate to consider such factors as the nature and extent of the relationship between the source and the individual, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion."). The ALJ noted that the GAF score "was only a one time measurement" and that "the claimant was reported as doing better recently with individual and group therapy sessions" (Tr. 53), but these observations clearly do not adequately address the inquiry required by Soc. Sec. Rul. 06-03p.

As the Commissioner notes, GAF scores are not necessarily probative of ability to perform work.  But a GAF score of 21 indicates severe functional deficiencies suggestive of an inability to work.  *See Lee v. Barnhart,* 117 Fed. Appx. 674, 678 (10th Cir. 2004)

("A GAF score of fifty or less . . . *does* suggest an inability to keep a job.") [emphasis added], *citing Oslin v. Barnhart,* 69 Fed. Appx. 942, 947 (10th Cir. 2003) ("A GAF rating between 41 and 50 indicates '[s]erious symptoms (*e. g.*, suicidal ideation . . .) OR any serious impairment in social, occupational, or school functioning (*e. g.*, . . . unable to keep a job)[.]'"), *quoting* Am. Psych. Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* p. 34 (4th ed. 2000). *See also Berryhill v. Barnhart,* 64 Fed. Appx. 196, 200 (10th Cir. 2003). And although the ALJ was clearly not bound by Ms. Wright's opinion as to the severity of the claimant's condition, the GAF was uncontradicted and the ALJ simply should not have given it such short shrift under the circumstances. *See Carpenter v. Astrue*, 537 F.3d 1264, 1267-68 (10th Cir. 2008) ("Although a chiropractor is not an 'acceptable medical source' for *diagnosing* an impairment under the regulations, the agency has made clear that the opinion of such an 'other source' is relevant to the questions of *severity* and *functionality*. The ALJ was not entitled to disregard the 'serious problems' set out in Dr. Ungerland's opinion simply because he is a chiropractor.").

Because the ALJ failed to properly analyze the GAF score assigned by Ms Wright to the claimant, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in modifications to the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

As discussed above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**