IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DORIS A. KNIGHT,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   No. CIV-09-123-FHS-SPS
                                          )
CAROLYN W. COLVIN[1], Commissioner        )
Social Security Administration            )
                                          )
        Defendant.                        )

# OPINION AND ORDER

Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 29) on April 12, 2013. Judgment was entered in favor of Plaintiff on September 30, 2010, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a March 9, 2012, decision finding in favor of Plaintiff and determining that Plaintiff was disabled. On February 20, 2013, Plaintiff's counsel received a letter from the Social Security Administration notifying them that $4,541.75 had been withheld by the agency for the payment of attorney's fees making the total amount withheld for attorney fees $10,541.75. ($6,000 previously paid for 42

---

[1]The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Asture as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

1

U.S.C. § 406(a) fees and $4,541.75 being withheld in anticipation of § 406(b) fees). This letter indicates that the $10,541.75 amount represents 25% of a $42,167.00 past-due benefits award to Plaintiff.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file his motion within a reasonable time of being informed of the past-due benefits amount. Based on the record before it, the Court finds the motion timely. The Court finds it appropriate to authorize Plaintiff's counsel to file his § 406(b)(1) motion for attorney fees following the receipt of the February 20, 2013, letter notifying counsel of the withheld fee amount. Defendant has argued the motion for fees is untimely because it was filed more than 6 months after the Plaintiff received a letter indicating she was entitled to benefits. Plaintiff's counsel states he was not aware of the letter. He was awaiting a letter with the type

2

of definitive information contained in the September 27, 2012 letter but never received it. The court finds under these peculiar circumstances the motion is timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $4,541.75 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement, or the 25% limitation of section 406(b). Neither the Commissioner, nor the Plaintiff, have presented any objection to Plaintiff's counsel's request for fees in the amount of $4,541.75. The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee. Defendant's only objection is to the timeliness of the fees. Plaintiff has not filed any response or objection. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $4,541.75 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 29) is granted in the

3

amount of $4,541.75.  Pursuant to <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($5,042.60) previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  This refund is for the full EAJA amount, without any withholding, offset, or deduction.

It is so ordered this 20th day of May, 2013.

Frank H. Seay
United States District Judge

4